# GIBSON LAW FIRM, PLLC

September 23, 2025

**VIA ECF**
Hon. Ramon E. Reyes, Jr., United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    **Re:**    *Clarke et al. v. City of New York et al.*
              25-cv-00536 (RER) (PK)

Dear Judge Reyes:

On behalf of Plaintiffs, I respectfully oppose Defendants' grounds for dismissal articulated in their pre-motion letter filed 9/17/2025. Plaintiffs bring substantially similar claims to those in *Hogan v. City of New York et al*. 23-08727 (RER) (PK) and *Collins v. City of New York, et al*. 23-09248 (RER) (PK), both pending decision on motions to dismiss. For substantially similar reasons as articulated in those briefings, Plaintiffs oppose dismissal here. Given the Court's familiarity with these issues and that Defendants have new counsel assigned to this matter, a conference might be beneficial before proceeding to motion practice.

    **A.**    **Background**. The operative facts parallel *Hogan*. Plaintiffs allege the City, working with the DOE, engaged in religious discrimination to limit accommodations to its Covid-19 vaccine mandate. They adopted facially discriminatory policies (the "Stricken Standards") favoring Christian Scientists while categorically excluding other religious beliefs. In November 2021, the Second Circuit held that this policy was likely unconstitutional. *Kane v. de Blasio*, 19 F.4th 152, 167-170 (2d Cir. 2021). The City promised remediation through "fresh review" by a "Citywide Panel" and reinstatement with back pay for qualifying employees. The City failed to honor this promise. Plaintiffs timely requested Citywide Panel review but never received determinations prior to termination, meaning they were only ever reviewed under the concededly unlawful policy.

    **B. The City is a Proper Party.** The City was a joint participant, ordered to provide DOE employees with a religious accommodation process, and choosing to use the Stricken Standards rather than a lawful one. City officials then directed arbitrators and DOE implementers to categorically exclude most religions, and the City Health Commissioner specifically instructed rejection of applicants with abortion-related concerns, which both Plaintiffs here have. After the policy was deemed unconstitutional, the City expressly assumed responsibility for remediation but failed in that duty. These facts establish independent City liability under *Monell v. Department of Social Services*, 436 U.S. 658, 691-94 (1978).

    **C. Free Exercise Claims are Viable**. Plaintiffs challenge not the mandate but the unconstitutional accommodation policies implementing it. The Second Circuit twice held these policies are not neutral or generally applicable. In *Kane*—the very case Defendants cite—the Court

held that while the mandate may be facially neutral, the accommodation standards were not, meaning that plaintiffs were likely to succeed as the City could not justify the policies under strict scrutiny. *Id*. at 169-70. The Second Circuit reaffirmed this in *New Yorkers for Religious Liberty, Inc. v. City of New York*, 121 F.4th 448, 453-464 (2d Cir. 2024) ("NYFRL"), reversing dismissal of similar claims for a plaintiff that received no Citywide Panel review. Like that plaintiff, these Plaintiffs were denied under the old, constitutionally defective policy and were never given a remediation through a Citywide Panel review. The accommodation policy also violates the Establishment and Equal Protection Clauses through facial denominational preferences and documented hostility to non-preferred beliefs.

**D. Statutory Claims are Viable**. Plaintiffs more than meet the minimal pleading requirements for their statutory discrimination claims. The Second Circuit already confirmed the accommodation policies were facially discriminatory (Kane, 19 F.4th at 164-169), giving Plaintiffs direct evidence of discrimination that should entitle them to summary judgment. Plaintiffs also adequately pleaded failure to accommodate under all applicable statutes—they each provided extensive detail about their sincerely held religious objections, and Defendants concede they applied and were denied accommodation then terminated. Undue hardship "as a matter of law" is not warranted in this case. The mandate allowed accommodations and Defendants accommodated over 100 employees under their discriminatory policy, including to teachers similarly situated to Plaintiffs. Finally, retaliation and harassment claims are well-pleaded, including through allegations that Plaintiffs were branded with "problem codes" damaging their reputations and employment prospects long after the mandate's rescision.

**E. Article 78 and Res Judicata Don't Apply.** Plaintiffs weren't required to file Article 78 proceedings. Many claims and requested relief couldn't be brought through special proceedings, and "it is the petitioner's choice whether to bring an Article 78 proceeding – with the attendant summary procedures, deferential review of agency action, and limited menu of relief – or a plenary action." *Whitfield v. City of New York,* 96 F.4th 504, 528-29 (2d Cir. 2024). Clarke wasn't a plaintiff in other actions, but even prior Article 78 proceedings wouldn't preclude this action. *Id* (subsequent constitutional claim not barred by prior article 78 proceeding).

**F. Claims are Timely**. Plaintiffs' claims accrued at termination in August 2022 when harm became "final and binding," as Citywide Panel appeals were pending and could have ameliorated the concrete harm. *Davis v. Proud*, 2 F.Supp.3d 460, 489 (E.D.N.Y. 2014). This lawsuit was filed well within applicable three-year limitations periods.

**G. Title VII Exhaustion Met**. Clarke filed her EEOC complaint within 300 days of her August 2022 termination and this lawsuit within ninety days of her December 30, 2024 right-to-sue letter (FAC ¶ 584). The single filing rule allows other plaintiffs to proceed without separate exhaustion. Tolliver v. Xerox Corp., 918 F.2d 1052, 1058 (2d Cir. 1990).

**H. Notice of Claim Requirements Met.** Plaintiffs filed timely notices of claim, and Eastern District courts hold notice requirements don't attach to human rights claims in any event. *See Caputo v. Copiague Union Free Sch. Dist*., 218 F.Supp.3d 186 (E.D.N.Y. 2016). Plaintiffs' lawsuit also qualifies under the public interest exception. *Union Free Sch. Dist. No. 6 v. N.Y. State Human Rights Appeal Bd*., 35 N.Y.2d 371 (1974). Defendants concede no notice requirement applies to

any claims against the City or any federal claims against DOE in any event, rendering this issue largely academic.

**I.  Rule 8 Compliance**. Defendants vaguely complain the complaint is "long" and "prolix" but only identify discussion of "Stricken Standards" as allegedly "irrelevant." This argument is backwards—the very fact that the Second Circuit held these standards unconstitutional makes Defendants' failure to remedy the harm to these Plaintiffs more egregious, not less relevant. Because Defendants failed to provide any legal process after their policies were declared unconstitutional, Plaintiffs were terminated and suffered substantial damages instead of being reinstated with back pay.

**J.  Conclusion**. For the foregoing reasons, Plaintiffs respectfully oppose Defendants' anticipated motion to dismiss and would welcome a pre-motion conference.

Respectfully submitted,

*/s/ Sujata Gibson*

Sujata S. Gibson
120 E Buffalo Street, Suite 201
Ithaca, NY 14850
(607) 327-4125
sujata@gibsonfirm.law

CC:   All Counsel of Record (Via ECF)