

*STEVEN BANKS*
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**AHREN W. LAHVIS**
*Assistant Corporation Counsel*
Labor & Employment Law Division
(212) 356-2433
alahvis@law.nyc.gov

April 17, 2026

<u>**VIA ECF**</u>
Honorable Ramon E. Reyes Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Room 2E North
Brooklyn, New York 11201

> Re:  <u>Athena Clarke, et al. v. City of New York, et al.</u>
> No. 25-cv-00536-RER-CHK

Dear Judge Reyes:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel for the City of New York, and I represent Defendants in the above-referenced matter. Defendants respectfully submit this letter in response to the Court's Order, dated March 25, 2026, directing Defendants to respond to Plaintiffs' pre-motion letter by April 17, 2026, in anticipation of the upcoming pre-motion conference.

Defendants oppose Plaintiffs' proposed second amended complaint as futile. Defendants have already moved to dismiss both Plaintiffs' initial Complaint, ECF No. 1, and Amended Complaint, ECF No. 15. Defendants' motions to dismiss have argued that Plaintiffs' complaints must be dismissed for the same reasons identified in Defendants' pre-motion letter, dated September 17, 2025, ECF No. 10—namely, the City must be dismissed as a defendant; Plaintiffs' claims are barred under CPLR Article 78; Plaintiffs' claims are time-barred; Plaintiff Clarke's claims are barred by res judicata and collateral estoppel; Plaintiffs' State and City Human Rights Law claims against DOE are barred for failure to timely file a notice of claim; Plaintiffs failed to timely exhaust their administrative remedies; and Plaintiffs fail to state a claim against any Defendant. In response to Plaintiffs' Amended Complaint, ECF No. 15, in which Plaintiffs added Eric Eichenholtz and Dave Chokshi as individual defendants, Defendants moved to dismiss Eichenholtz and Chokshi on the grounds that the claims against them were time-barred and that the relation back doctrine did not apply to them.

Plaintiffs' proposed second amended complaint here does not in any way rectify the procedural or substantive shortcomings of the first two complaints, and should be denied accordingly. A motion to amend may be denied as futile where "a proposed amendment to a

pleading . . . could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." See Bentz v. City of N.Y., 249 F. Supp. 3d 640, 644 (E.D.N.Y. 2017) (quotations omitted) (quoting Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)); see also Ruggiero v. Way, No. 19-CV-3631 (NSR), 2020 U.S. Dist. LEXIS 157964, at *10 (S.D.N.Y. Aug 31, 2020) (denying leave to amend where "no substantive changes creating plausible claims [were] proposed"). The factual allegations relating to the Plaintiffs have not been amended in any way that affects the above-mentioned procedural deficiencies. See Redlined Complaint, ECF No. 25-2, at *64-75. The main amendments are additions of three new Defendants, who are all time-barred and are not saved by the relation back doctrine, and sweeping allegations concerning an email exchange between the proposed new individual defendants in September 2021, see id. at *29-33, over three years before this lawsuit was filed. Those amendments will not affect the Court's analysis of Plaintiffs' manifest procedural bars to suit.

Notwithstanding the above-mentioned procedural bars to suit, Plaintiffs' attempts to relitigate Kane v. De Blasio, 19 F.4th 152, (2d Cir. 2021) and New Yorkers for Religious Liberty, Inc. v. City of N.Y. ("NYFRL"), 125 F.4th 319 (2d Cir. 2024), are unavailing. The Second Circuit ruled in Kane that "[t]he Vaccine Mandate, in all its iterations, [wa]s neutral and generally applicable." Kane, 19 F.4th at 164. That same finding "remain[ed] binding against Appellants' Free Exercise Clause challenge" in NYFRL. See 125 F.4th at 330. Plaintiffs' attempts to collaterally attack those findings through email exchanges that arose *before* Kane, which had no appreciable effect on any applicant's request for a religious exemption, do not change the Second Circuit's binding holding in Kane.

Furthermore, as Plaintiffs highlighted in their letter to the Court, ECF No. 23, Defendants served Plaintiffs' counsel with a Rule 11 safe harbor letter on February 26, 2026, and the corresponding twenty-one day safe harbor period ended on March 19, 2026. Plaintiffs' proposed second amended complaint does not address the sanctionable conduct identified in Defendants' safe harbor letter, especially concerning allegations relating to Defendant Eric Eichenholtz, and Defendants intend to file a Rule 11 motion based on Plaintiffs' unwillingness to remove the sanctionable allegations. Defendants also highlight that Plaintiffs' counsel has brought similar actions in E.D.N.Y, which are not marked as "related" to Clarke, Hogan, and Collins and are not before Your Honor, but which contain similarly escalating allegations relating to the City's Vaccine Mandate. See Tunnell v. City of N.Y., et al., No. 25-cv-1781-AMD-CHK, ECF No. 21; Zapantis-Dalamakis v. City of N.Y., et al., No. 24-CV-04631-KAM-JRC, ECF No. 18.

Lastly, Defendants do not consent to the consolidation of Clarke, Hogan, and Collins at this stage. This issue has already been briefed, see Collins, No. 23-cv-9248-RER-CHK, ECF Nos. 34, 35; Hogan, No. 23-cv-8727-RER-CHK, ECF Nos. 30, 31, and Your Honor denied Plaintiffs' counsel's motion to consolidate Hogan and Collins and instead marked them "related." See Order, dated August 14, 2025, No. 23-cv-9248-RER-CHK; Order, dated July 18, 2025, No. 23-cv-8727-RER-CHK. Plaintiffs present no compelling reason to revisit that decision here.

For the foregoing reasons, Plaintiffs should be denied leave to amend their complaint; briefing on Defendants' motion to dismiss Plaintiff's Amended Complaint, ECF No. 24, should be resumed; and the Court should deny Plaintiffs' request to consolidate this case with Hogan and Collins.

Defendants thank the Court for its consideration of this submission.

Respectfully submitted,

Ahren W. Lahvis
Assistant Corporation Counsel

cc: All counsel of record (Via ECF)